**LEE LITIGATION GROUP, PLLC**
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

HELDER PEREZ and JORGE ALBERTO LOPEZ SANCHEZ, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

   Plaintiffs,

   v.

SOUTH SHORE DRYWALL INC. and JOSEPH ZANGLA,

   Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**,

---

Plaintiffs HELDER PEREZ ("Plaintiff PEREZ") and JORGE ALBERTO LOPEZ SANCHEZ ("Plaintiff SANCHEZ") (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants SOUTH SHORE DRYWALL INC. and JOSEPH ZANGLA (collectively, "Defendants") and states as follows:

## INTRODUCTION

1.   Plaintiff PEREZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages for all hours worked due to improper rounding down of hours, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff PEREZ further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for all hours worked due to improper rounding down of hours, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

3. Plaintiff SANCHEZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for all hours worked due to unpaid off-the-clock work, (2) unpaid wages due to failure to pay overtime wages for overtime hours, (3) liquidated damages and (4) attorneys' fees and costs.

4. Plaintiff SANCHEZ further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for all hours worked due to unpaid off-the-clock work, (2) unpaid wages due to failure to pay overtime wages for overtime hours, (3) liquidated damages, (4) statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the unlawful acts for which Plaintiff seeks relief took place in that District.

## **PARTIES**

*Plaintiff:*

7. Plaintiff PEREZ is a resident of Richmond County, New York.

8. Plaintiff SANCHEZ is a resident of Richmond County, New York.

*Defendants:*

9. Corporate Defendant SOUTH SHORE DRYWALL INC. is a drywall contractor organized under the laws of the State of New York with its principal place of business and address for service of process at 27 Brienna Court, Staten Island, New York 10309.

10. Individual Defendant JOSEPH ZANGLA is the president, CEO, and owner of SOUTH SHORE DRYWALL INC.

11. JOSEPH ZANGLA exercised functional control over the business and financial operations of SOUTH SHORE DRYWALL INC. and over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiffs, FLSA Collective Plaintiffs and Class Members, JOSEPH ZANGLA exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. JOSEPH ZANGLA had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs and Class Members.

12. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt drywall construction and repair workers employed by Defendants on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving and failure to pay overtime wages for overtime hours. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

17. Plaintiffs brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt drywall construction and repair workers employed by Defendants on or after the date that is six (6) years before the filing of this Complaint

4

(the "Class" or "Class Members").

18. At all relevant times, Plaintiffs and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving and failure to pay overtime wages for overtime hours worked. The claims of Plaintiffs stated herein are essentially the same as those of Class Members.

19. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members in the Class.

21. Plaintiffs' claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class Members were subject to the same corporate practices of

Defendants, as alleged herein, of failing to pay them regular and overtime wages for all hours worked due to time shaving and failure to pay overtime wages for overtime hours.

22. Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class Members in violation of the NYLL.

23. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and Class Members within the meaning of the NYLL;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class Members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class Members for their work;

    d) Whether Defendants properly notified Plaintiffs and Class Members of their regular hourly rate and overtime rate;

e) Whether Defendants paid Plaintiffs and Class Members for all hours worked given Defendants' policy of time shaving through the improper rounding down of hours;

f) Whether Defendants paid Plaintiffs and Class Members for all hours worked given Defendants' policy of time shaving through requiring off-the-clock work;

g) Whether Defendants paid Class Members overtime wages for overtime hours;

h) Whether Defendants provided proper wage statements to Plaintiffs and Class Members per requirements of the NYLL; and

i) Whether Defendants provided proper wage notices to Plaintiffs and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

*Plaintiff PEREZ*

28. From in or about January 2012 until in or about March 2020, Plaintiff PEREZ was employed by Defendants as a general laborer.

29. From the start of his employment until in or about January 2020, Plaintiff PEREZ worked Monday through Saturday from 7:00 am to 3:30 pm for a total of approximately 51 hours per week. During this period, he was paid $20/hr.

30. From in or about January 2020 until the end of his employment, Plaintiff PEREZ worked Monday through Friday from 7:00 am to 3:30 pm for a total of approximately 42.5 hours per week. During this period, he was paid $25/hr.

31. He was paid by personal check.

32. Plaintiff PEREZ always clocked in and out. Throughout Plaintiff's entire period of employment, Defendants always rounded down his paid time down to the nearest hour. The time recorded on his weekly paystubs was always in whole hours with no minutes, which could not have occurred naturally as a result of when Plaintiff PEREZ actually punched in and out.

33. Throughout his employment with Defendants, Plaintiff PEREZ regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff PEREZ's direct observations and conversations with other employees, Plaintiff PEREZ, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices, with their hours also being rounded down to the nearest hour.

34. Through this policy, Defendants categorically reduced their employees' compensable hours every week. As a result, Plaintiff PEREZ, FLSA Collective Plaintiffs and the Class were not paid proper compensation for all hours worked.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff PEREZ, FLSA Collective Plaintiffs and the Class for all regular or overtime hours worked due to Defendants' policy of time shaving by rounding down hours worked, in violation of the FLSA and/or the NYLL.

36. Plaintiff PEREZ retained Lee Litigation Group, PLLC to represent himself, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

*Plaintiff SANCHEZ*

37. From in or about August 2018 until in or about March 2020, Plaintiff SANCHEZ was employed by Defendants as a general laborer.

38. From the start of his employment until in or about January 2019, Plaintiff SANCHEZ worked Monday through Friday from 7:00 am to 3:30 pm for a total of approximately 40 hours per week (given a 30-minute lunch break).

39. From in or about January 2019 until the end of his employment, Plaintiff SANCHEZ continued to work Monday through Friday from 7:00 am to 3:30 pm. In addition, he

also worked three Saturdays a month from 8:00 am to 3:30 am. Thus, during most weeks he worked 47 hours (given a 30-minute lunch break).

40. Plaintiff SANCHEZ's starting pay was $20/hr. In June 2019, it was raised to $22/hr.

41. Plaintiff SANCHEZ always clocked in and out. Twice a week, he worked for an extra 10 minutes after clocking out at the end of his shift. But he was paid only for his scheduled 8-hour shift, not for these additional minutes. This extra time was not included on his paystubs.

42. Plaintiff SANCHEZ was paid by check for his weekday shifts but paid in cash for Saturday shifts. While the Saturday shifts consisted of overtime hours, he was paid not paid overtime wages for them.

43. Throughout his employment with Defendants, Plaintiff SANCHEZ regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff SANCHEZ's direct observations and conversations with other employees, he, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices of not being paid for off-the-clock work and not being paid overtime wages for overtime hours.

44. Through these policies, Defendants categorically reduced their employees' compensable hours every week. As a result, Plaintiff SANCHEZ, FLSA Collective Plaintiffs and the Class were not paid proper compensation for all hours worked.

45. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff SANCHEZ, FLSA Collective Plaintiffs, and the Class for all regular or overtime hours worked due to Defendants' policies of not paying overtime wages and of time shaving by requiring off-the-clock work, in violation of the FLSA and/or the NYLL.

46. Plaintiff SANCHEZ retained Lee Litigation Group, PLLC to represent himself, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

48. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

50. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

51. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs the full amount of wages due to a policy of time shaving and not paying overtime wages for overtime hours.

52. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of the Court to amend this Complaint to set forth the precise amount due.

53. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

54. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

55. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

56. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid regular and overtime wages, plus an equal amount as liquidated damages.

57. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

58. Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

59. At all relevant times, Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

60. Defendants knowingly and willfully failed to pay Plaintiffs and Class Members the full amount of regular and overtime wages as a result of time shaving and failing to pay overtime wages for overtime hours, in violation of the New York Labor Law.

61. Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage statements as required under the New York Labor Law.

62. Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage and hour notices as required under the New York Labor Law.

63. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class Members are entitled to recover from Defendants unpaid wages due to time shaving and failing to pay overtime wages for overtime hours, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid regular and overtime wages due under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

  g. Designation of Plaintiffs as the Representatives of the FLSA Collective Plaintiffs;

  h. Designation of this action as a class action pursuant to F.R.C.P. 23;

  i. Designation of Plaintiffs as Representatives of the Class; and

  j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: October 28, 2020      Respectfully submitted,

             LEE LITIGATION GROUP, PLLC

         By:  /s/ C.K. Lee

             C.K. Lee, Esq. (CL 4086)
             Anne Seelig, Esq. (AS 1976)
             148 West 24th Street, Eighth Floor
             New York, NY 10011
             Tel.: (212) 465-1188
             Fax: (212) 465-1181

             *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*